United States District Court
Southern District of Texas
**ENTERED**
October 11, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEWAYNE BRADSHAW, (TDCJ # 02401486) | § § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION NO. H-22-2826 |
| BOBBY LUMPKIN, | § § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION DISMISSING CASE**

Texas state inmate Dewayne Bradshaw filed a letter with the court, which the court construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Docket Entry No. 1). In his letter, Bradshaw stated that he was filing his petition "pursuant to Article 11.07 of the Texas Code of Criminal Procedure." (*Id.* at 1). Publicly available records show that Bradshaw was sentenced in Fort Bend County Cause Number 20-DCR-091365 on July 5, 2022, to 16 years in prison on a conviction for burglary of a habitation. *See* Inmate Search, www.tdcj.texas.gov (last visited Oct. 9, 2022). From the contents of Bradshaw's letter, it appears that this is the conviction he seeks to challenge in his petition.

On August 22, 2022, the court issued an order directing Bradshaw to file an amended petition for writ of habeas corpus on the approved form for use by prisoners. (Docket Entry No. 3). He was also directed to either pay the filing fee for a habeas petition or file an application to proceed without prepaying the filing fee. (*Id.*). The court provided Bradshaw with copies of the necessary forms, and he was warned that failure to comply as directed would result in a dismissal of this case without further notice under Rule 41 of the Federal Rules of Civil Procedure. (*Id.*).

To date, Bradshaw has not complied as directed, and his time to do so has expired. Bradshaw's failure to pursue this action forces the court to conclude that he lacks due diligence. Dismissal for want of prosecution is appropriate. *See* Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (a district court may dismiss an action on its own for failure to prosecute or to comply with any court order).

Bradshaw is advised that he may seek relief from this order under Rule 60(b) of the Federal Rules of Civil Procedure if he can show good cause for failing to comply with the court's order and the local rules. Any motion under Rule 60(b) must be accompanied by a response to the court's August 22, 2022, order.

Bradshaw's petition, (Docket Entry No. 1), is dismissed without prejudice for want of prosecution.

SIGNED on October 11, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge